IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF WISCONSIN
_____

JOSE LUIS BECERRA QUINONES,

        Petitioner,                      OPINION AND ORDER

  v.                                          25-cv-25-wmc
                                                  25-cv-403-wmc

WARDEN E. EMMERICH,

        Respondent.
_____

Petitioner Jose Luis Becerra Quinones is a prisoner incarcerated at the Federal Correctional Institution in Oxford, Wisconsin ("FCI-Oxford"). Representing himself, Quinones has filed two federal habeas corpus proceedings under 28 U.S.C. § 2241, which the court has consolidated pursuant to Federal Rule of Civil Procedure 42(a) because each petition involves common questions of law and fact. Petitioner contends that he is entitled to an earlier release because the Federal Bureau of Prisons ("BOP") has incorrectly construed his immigration detainer as a final order of deportation that disqualifies him for time credits earned under the First Step Act ("FSA"). Petitioner contends further that denying him these time credits discriminates against him unfairly based on his nationality and violates the right to due process and equal protection. For the reasons explained below, the court will deny relief and dismiss both cases with prejudice.

OPINION

Petitioner, who is a citizen of Colombia, is currently serving a 96-month term of imprisonment, to be followed by a 2-year term of supervised release, as the result of a conviction

for conspiracy to distribute and possess with intent to distribute 5 kilograms or more of cocaine while aboard a vessel subject to the jurisdiction of the United States.  *See United States v. Becerra Quinones*, Crim. No. 8:20-184 (M.D. Fla.).  His projected release date is March 8, 2027.  Petitioner seeks a writ of habeas corpus under 28 U.S.C. § 2241, to challenge the execution of his sentence.  *Valona v. United States*, 138 F.3d 693, 694 (7th Cir. 1998) (recognizing that a motion seeking relief concerning the execution of a sentence, but not the validity of a conviction, falls under § 2241).  To obtain a writ, petitioner must show that he is in custody in violation of the Constitution or laws of the United States.  28 U.S.C. § 2241(c)(3).

Petitioner argues that he would be entitled to an earlier release date if the BOP recalculated his sentence to include time credits earned under the First Step Act, 18 U.S.C. § 3632(d)(4)(A) (also known as FSA Time Credits or "FTCs").  The First Step Act affords eligible inmates the opportunity to earn these time credits, which apply toward time in prerelease custody or early transfer to supervised release, through successful participation in "evidence-based recidivism reduction programs or productive activities[.]"  18 U.S.C. § 3632(d)(4)(C).  However, even if an inmate is eligible to earn FTCs, BOP cannot apply them if the inmate "is the subject of a final order of removal under any provision of the immigration laws."  18 U.S.C. § 3632(d)(4)(E)(i) ("A prisoner is ineligible to apply time credits under subparagraph C if the prisoner is the subject of a final order of removal under any provision of the immigration laws[.]"); *see also* 28 C.F.R. § 523.44(a)(2) (stating that the BOP "may not apply FSA Time Credits toward prerelease custody or early transfer to supervised release" for prisoners subject to a final order of removal under immigration laws).

Petitioner acknowledges that the Department of Homeland Security entered a Notice and Order of Expedited Removal on May 1, 2024, finding him inadmissible pursuant to 8

U.S.C. § 1225(b)(1). (No. 25-cv-25-wmc, Dkt. #1-4.) The removal order is signed by a deportation officer and a supervisor. (*Id*.) Therefore, even though petitioner has been receiving credit for institutional programming, he is not eligible to have those FTCs applied for an earlier release date.

While petitioner argues that he is not subject to a "final" order of deportation because he is seeking asylum, this court and other federal courts considering this specific issue have rejected arguments like petitioner's and held that orders of expedited removal entered by an immigration officer under § 235(b)(1) of the Immigration and Nationality Act ("INA"), 8 U.S.C. § 1225(b)(1), and approved by a supervisor, are considered final. *See Yefferson v. Emmerich*, dkt. #20, at 4, No. 24-cv-93-wmc (W.D. Wis. Nov. 22, 2024) (*citing Ceron v. Engelman*, No. 23-cv-3388, 2024 WL 967858, *2 (C.D. Cal. Jan. 24, 2024); *Pineda v. Cruz*, No. 23-cv-4939, 2024 WL 1526120, at *3 (D.N.J. April 9, 2024); *Gomez-Cuzme v. Birkholz*, No. 23-cv-1753, 2023 WL 4423602, *3 (C.D. Cal. June 1, 2023); 8 C.F.R. § 235.3(b)(7)). The record in this case shows that an immigration officer determined that petitioner was inadmissible under INA § 212(a)(7)(i)(I), and a supervisor reviewed and approved the determination, making the order final. (No. 25-cv-25-wmc, Dkt. #1-4.) Any challenge to petitioner's removal order is precluded by the REAL ID Act, which eliminates review under 28 U.S.C. § 2241; rather a petition for review with the court of appeals for the judicial circuit in which the immigration judge who completed the proceedings "shall be the sole and exclusive means for judicial review[.]" 8 U.S.C. §§ 1252(a)(5), 1252(b)(2). Therefore, unless and until petitioner prevails in proceedings before the immigration courts or a court of appeals, his expedited order of removal remains valid. *Hurtado v. Warden, FCI Oxford*, No. 24-796-wmc, 2025 WL 472742, at *2 (W.D. Wis. Jan. 14, 2025).

Further, to the extent that petitioner argues that he has been denied FTCs in violation of the right to due process and equal protection, he does not state a viable claim for relief.  To show that due process protections apply, petitioner must first demonstrate that a protectable liberty interest exists.  *Bunn v. Conley*, 309 F.3d 1002, 1010 (7th Cir. 2002) (citing *Solomon v. Elsea*, 676 F.2d 282, 284 (7th Cir. 1982)).  As noted above, petitioner is statutorily ineligible to have FTCs apply to his sentence, and courts have held that prisoners do not otherwise have a constitutionally protected liberty interest in these credits.  *See, e.g., Gant v. King*, No. 23-cv-1766, 2023 WL 6910771, at *3 (D. Minn. Oct. 19, 2023) ("prisoners do not have a protected liberty interest in the application of FSA time credits") (citations omitted); *Fontanez v. Rardin*, 2:23-cv-12415, 2024 WL 1776338, at *3 (E.D. Mich. 2024) (collecting cases).  Accordingly, petitioner cannot establish a due process violation.

When analyzing an equal protection claim, courts must first determine whether the claim involves a suspect class or fundamental right.  *Mass Bd. of Retirement v. Murgia*, 427 U.S. 307, 313 (1976) (per curiam) ("[E]qual protection analysis requires strict scrutiny of a legislative classification only when the classification impermissibly interferes with the exercise of a fundamental right or operates to the peculiar disadvantage of a suspect class.").  The United States Supreme Court has held that Congress may lawfully distinguish between citizens and non-citizens in the provision of benefits.  *Mathews v. Diaz*, 426 U.S. 67, 78-80 (1976).  Thus, "[u]ndocumented aliens cannot be treated as a suspect class" for equal protection purposes.  *Plyler v. Doe*, 457 U.S. 202, 223 (1982).  Likewise, time credits on a federal sentence do not implicate a fundamental right that is implicitly or explicitly guaranteed by the Constitution.  *Perez v. Zenk*, No. 04-cv-5069, 2005 WL 990696, at *4 (E.D.N.Y. Apr. 11, 2005); *see also Molina v. Underwood*, No. 3:19-cv-641-K-BN, 2019 WL 1533444, at *2 (N.D.

4

Tex. Mar. 19, 2019) (summarily dismissing a § 2241 petition seeking immediate recalculation of good-time credit under the First Step Act and rejecting equal protection and due process claims). Absent a fundamental right or suspect classification, legislation is presumed valid if the challenged classification "is rationally related to a legitimate state interest." *Cleburne v. Cleburne Living Ctr.*, 473 U.S. 432, 440 (1985); *Soskin v. Richardson*, 353 F.3d 1242, 12534 (10th Cir. 2004) ("[T]he federal government can treat aliens differently from citizens so long as the difference in treatment has a rational basis.").

Petitioner cannot prevail with an equal-protection challenge because courts have repeatedly recognized that the BOP has a rational basis to exclude aliens from receiving time credits or access to programs that would hasten their release to community-based housing such as a half-way house or home confinement. *See, e.g., McLean v. Crabtree*, 173 F.3d 1176, 1185-86 (9th Cir. 1999) (excluding prisoners with detainers from participating in the community-based treatment phase is a reasonable means for eliminating the risk that prisoners with detainers will flee); *Builes v. Warden Moshannon Valley Corr. Ctr.*, 712 F. App'x 132, 134 (3rd Cir. 2017) (excluding prisoners with immigration detainers from residential drug rehabilitation programs and community-based confinement is rationally related to legitimate BOP interest in reducing the flight risk posed by prisoners facing removal); *Gallegos-Hernandez v. United States*, 688 F.3d 190, 196 (5th Cir. 2012) (excluding prisoners with immigration detainers from halfway-house placement is rationally related to preventing those detainees from fleeing); *see also United States v. Tamayo*, 162 F. App'x 813, 816 (10th Cir. Jan. 11. 2006) (per curiam) (agreeing with the decisions of courts holding that "there is a rational basis to deem deportable aliens, who will be sent out of the country after the term of their sentence, ineligible for programs geared toward rehabilitating prisoners who will re-enter society after their release

from confinement"). As a result, courts -- including this one -- have repeatedly rejected equal-protection challenges to the First Step Act's classifications based upon a prisoner's deportable status, concluding that "prohibiting removable aliens from applying time credits to their sentences and releasing them into the community serves the legitimate purpose of reducing the risk that aliens facing deportation will flee." *Cheng v. United States*, 725 F. Supp. 3d 432, 439 (S.D.N.Y. 2024); *see also United States v. Arellano-Felix*, No. 97-cr-2520, 2023 WL 1487293, at *3 (S.D. Cal. Jan. 31, 2023); *Lomeli v. Birkholz*, No. 23-cv-9461, 2024 WL 3528677, at *3 (C.D. Cal. June 18, 2024), R&R adopted, 2024 WL 3526881 (C.D. Cal. July 24, 2024); *Benitez-Diaz v. Emmerich*, No. 24-cv-369-wmc, 2024 WL 4869411, at *3 (W.D. Wis. Nov. 22, 2024).

Moreover, success on the merits of petitioner's claims would not entitle him to a speedier release from custody. The First Step Act grants the BOP discretion to determine the placement of inmates who have earned enough credits for a sentence reduction. *See* 18 U.S.C. § 3632(d)(4)(C) ("Time credits earned under this paragraph by prisoners who successfully participate in recidivism reduction programs or productive activities shall be applied toward time in *prerelease custody or supervised release*." (emphasis added)); *see also Girven v. Smith*, No. 4:23-cv-859, 2023 WL 8606807, at *1 (N.D. Tex. 2023) (summarizing First Step Act time credits for evidence-based recidivism reduction programming); *McLean v. Rivers*, 3:23-CV-1750, 2024 WL 665858, at *2 (N.D. Tex. 2024), R&R adopted, 2024 WL 666070 (N.D. Tex. 2024). Thus, the BOP may, but is not required to, release a prisoner to supervised release at an earlier date, not to exceed 12 months. *See* 18 U.S.C. 3624(g)(3). The BOP also has the option to simply designate the prisoner to pre-release custody, such as a residential reentry center or home confinement. *See* 18 U.S.C. § 3624(g)(2). Pre-release custody does not shorten

6

a sentence; it is simply a change in place of confinement.

Accordingly, petitioner fails to show that any FTCs apply to shorten his term of imprisonment or that his sentence has been calculated incorrectly. Because he is not entitled to relief under 28 U.S.C. § 2241, both of his petitions must be denied.

ORDER

IT IS ORDERED that:

1) The petitions filed by Jose Luis Becerra Quinones under 28 U.S.C. § 2241 in Nos. 25-cv-25-wmc and 25-cv-403-wmc are DENIED and both cases are DISMISSED with prejudice.

2) The clerk of court is directed to enter judgment and close both cases.

Entered this 9th day of June, 2025.

BY THE COURT:

/s/

_____
WILLIAM M. CONLEY
District Judge